CENTRAL CAMBALACHE, INC., Petitioner, v. INDUSTRIAL
COMMISSION OF PUERTO RICO, Respondent.

No. 293. Argued February 7, 1944.—Decided March 31, 1944.

*Eduardo Pérez Casalduc* for petitioner. *Joaquina Pérez Cordero,
Ángel de Jesús Matos, Joaquín Correa Suárez,* and *A. Sandín del
Manzano,* for the Manager of the State Fund.

MR. JUSTICE SNYDER delivered the opinion of the court.

The controversy involved in this case is with us for the third time (61 P.R.R. 7; 62 P.R.R. 465). The present case for the first time enables us to dispose of the legal questions involved on their merits. We have already summarized the facts herein as follows (62 P.R.R. 465): "The petitioner prior to July 15, 1941, filed with the Manager of the State Insurance Fund the duplicate statement required by §27 of Act No. 45 of 1935 (Laws of 1935, p. 250) showing the number of workmen employed, their occupation, and the total amount of wages paid during the preceding fiscal year. On October 28, 1941, the petitioner received a communication from the Manager notifying him of the preliminary liquidation for the fiscal year 1941–42, in the amount of $9,543.72 for a semester, and providing that payment for the first semester must be made on or before November 7, 1941.

This communication was sent on the official blank prepared for that purpose, but with the portion concerning the 'Final Liquidation' left in blank. In view of this circumstance, the petitioner wrote to the Manager asking that the term for the preliminary liquidation be extended; that is, the time for the payment of the premium for the first semester, until the Manager determined the liquidation for the preceding year. The Manager answered that he deemed such an extension unnecessary, inasmuch as the petitioner would receive the final liquidation before the expiration of the term fixed by him, plus the extension of 30 days granted by law, which would expire on December 7, 1941. In that communication nothing was said in connection with the payment of the preliminary premium in the event that, when the extension of 30 days had expired, the petitioner had not filed the said final liquidation. The petitioner, as alleged in its petition for injunction in *Central Cambalache* v. *Cordero, Manager, supra,* was of the opinion that it was not bound to pay the preliminary premium until it received the final liquidation and relied on the fact that it would be received before December 7, 1941. At the expiration of said term, the final liquidation not having been received, the petitioner wrote the Manager, asking him to explain why it had not been sent. The Manager answered on December 13, 1941, by a telegram from San Juan, acknowledging receipt of the letter and notifying the petitioner that the extension of 30 days had expired on December 7 and demanding immediate payment of the preliminary premium due to the fact that his risks were not covered. On December 15th the petitioner paid the preliminary premium. Notwithstanding this payment, the manager declared that petitioner was an uninsured employer for all the accidents of his workmen which occurred between July 1 and December 15, 1941.''

The Commission, pursuant to our previous opinions, heard the numerous cases involved herein and permitted the

petitioner to advance various contentions of law in each case. The instant case is a petition for review of an order of the Industrial Commission (one Commissioner dissenting) entered in these cases refusing "to credit employer Central Cambalache, Inc., for that part of the premium corresponding to the term of July 1st to December 15, 1941, and to credit said employer for the compensation and expenses that said employer must pay, in the amount of $13,845.56, for accidents which occurred to its workmen during the aforesaid period." The Commission held, in legal effect, that the premium of $9,543.72, paid by the petitioner on December 15 for the semester from July 1 to December 31, could not be returned or credited to the petitioner in whole or in part, even though the petitioner had expended $13,845.56 as a result of being declared an uninsured employer for the period from July 1 to December 15.

The petitioner contends that this case is controlled by *Am. Railroad Co.* v. *Industrial Commission,* 61 P.R.R. 303; the Commission held that the rule laid down in *Montaner, Mgr.* v. *Industrial Commission,* 59 P.R.R. 398, applies herein. We agree with the Commission, in view of the fact that the petitioner paid the premium for the first semester before the termination date thereof. It undoubtedly seems like a harsh result to the employer, after paying a premium of $9,543.72, purportedly for the entire semester from July 1 to December 31, to find that his actual insurance coverage is only from December 15 to December 31. But §25 clearly provides, and the *Montaner* and the *Am. Railroad* cases both stand for the proposition that, the payment of a premium made within the semester must be in the full amount of the premium, in spite of the fact that under the circumstances of this case and of the *Montaner* case such a payment provides for coverage only for the remaining period of the semester.

The petitioner also makes the contention that the

administrator is estopped by his conduct herein from opposing the credit of the $9,543.72 against the $13,845.56 expended by the petitioner as an uninsured employer. We disposed of a somewhat similar contention in *Sucrs. de J. González* v. *Industrial Commission,* .61 P.R.R. 295, in the following language (pp. 299–300) :

" . . . . Without inquiring into whether the doctrine of estoppel can be invoked in this type of case, there is a short answer to this contention. Section 25 provides, as we have seen, that except for a possibility of reimbursement not relevant herein, an employer subject to the Act 'during any part of a semester shall pay the premiums for the whole of said semester. . . '. *Montaner, Mgr.* v. *Industrial Commission, supra,* at page 402."

Since the premium was paid before the first semester had expired and covered the remainder thereof—however brief a period that might be—§25 leaves no alternative for us except to hold that the Administrator may under the circumstances of this case retain the full amount of the premium for the first semester.

The order of the Industrial Commission will be affirmed.